# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| VISTO CORPORATION, | ) | Case No. 2-06cv-181 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **JURY TRIAL DEMANDED** |
| RESEARCH IN MOTION LIMITED, and RESEARCH IN MOTION CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT RESEARCH IN MOTION'S
## MOTION TO STAY CASE PENDING PATENT REEXAMINATIONS

Defendants Research In Motion Limited ("RIM Ltd.") and Research In Motion Corporation ("RIM Corp."), (collectively, "RIM"), respectfully request that this Court stay this litigation pending reexamination of the Visto Corporation ("Visto") patents by the United States Patent & Trademark Office ("USPTO"). Currently, all four of the patents-in-suit are in reexamination, and the reexaminations may eliminate any need for this litigation. In any event, a stay in this case will conserve judicial resources, simplify the issues to be tried, and not prejudice either party because:

- The Court will not construe any claims canceled or amended during and will construe all claims with a complete intrinsic record.

- The parties will not conduct validity and infringement discovery regarding claims that have been or may be canceled or amended, and products that may not ultimately be accused of infringement.

- Visto waited over two and a half years after filing its first patent infringement suit to sue RIM, and filed this suit aware that all claims of one of the patents-in-suit had been rejected by the USPTO in a reexamination proceeding.

Given the efficiencies to be realized by a stay and the early stage of the case — a Rule 16 conference has been scheduled, but not held, the parties have exchanged no discovery, and no motions on the merits of the case have been filed — a stay of this case pending reexamination of the Visto patents is appropriate.

## I.   FACTUAL BACKGROUND

### A.   This Litigation And The Patents-In-Suit.

On April 28, 2006, Visto sued RIM, alleging infringement of U.S. Patent Nos. 6,023,708 ("the '708 patent"), issued February 8, 2000; 6,085,192, as amended by the Reexamination Certificate dated November 22, 2005 ("the '192 patent"); 6,151,606 ("the '606 patent"), issued November 21, 2000; and 6,708,221 ("the '221 patent"), issued March 16, 2004 (collectively, "the Visto patents-in-suit").   RIM moved to amend its Answer and Counterclaim to add a declaratory judgment claim against Visto's U.S. Patent No. 7,039,679 ("the '679 patent"), issued May 2, 2006.  The Court has not yet ruled on RIM's motion to amend.[1]

All of the Visto patents are interrelated.  The '708, '192, '221 and '679 patents are part of the same patent family, issuing from continuation and continuation-in-part applications that all claim priority to the same patent application.  The '679 patent issued from a continuation of the patent application that led to the '221 patent.   Additionally, the Visto patents incorporate by reference other Visto patent applications: for example, the '708 patent incorporates the application that led to the '192 patent; the '606 and '221 patents incorporate the applications that led to the '192 and '708 patents; and the '679 patent incorporates the applications that led to the '708, '192, and '221 patents.

---

[1]   The '708, '192, '606, '221 and '679 patents will be referred to collectively as the "Visto patents."

**B.      Other Litigation Involving The Visto Patents.**

Before suing RIM on these patents, Visto sued six other companies in six separate lawsuits, the majority in this District.   On September 23, 2003, Visto filed two suits in this District, the first alleging patent infringement by Seven Networks, ultimately identifying six allegedly infringed patents, including the '708, '192, and '221 patents, and the second alleging that Infowave infringed a single patent.   Next, Visto sued Sproqit Technologies in the Northern District of California on February 17, 2004, ultimately alleging infringement of four patents including the '708, '192, '221 patents.   Visto then returned to this District, suing Smartner for infringement of the '708, '192, '221 and two other patents in a complaint filed February 25, 2005.   Visto's next two patent infringement suits were also filed in this District — against Microsoft in a complaint filed December 14, 2005 and against Good Technologies in a complaint dated January 30, 2006.   The suits against Microsoft and Good Technologies each allege infringement of the '192, '606, '221 and '679 patents.   Only after Visto instigated each of these lawsuits and completed a jury trial against Seven Networks did Visto sue RIM.

**C.      Reexamination Proceedings.**

On February 15, 2005, Seven Networks, Inc. ("Seven") filed a request for reexamination of the '708 patent with the USPTO.   The USPTO ordered a reexamination based upon this request on April 8, 2005, finding that U.S. Patent No. 5,727,202 ("the '202 patent") raised a substantial new question of patentability of the '708 patent.   Exhibit A.   In an office action dated November 1, 2005, the USPTO rejected all 34 claims of the '708 patent as either anticipated by the '202 patent or obvious in light of the '202 patent in combination with other references. Seven filed an additional request for reexamination of the '708 patent on February 10, 2006, relying on seven prior art references.   This request was granted on March 30, 2006, the USPTO finding that "[e]ach of these references independently presents a substantial new question of

patentability, alone or in combination, such that reexamination is appropriate." Exhibit B. The USPTO ordered these two reexaminations of the '708 patent merged on July 25, 2006. Visto has amended all 34 original claims and has added six additional claims.[2] Exhibit C. The USPTO has not yet issued an office action in response to the amendment.

Seven also filed a request for reexamination of the '221 patent, on July 27, 2006. RIM filed a separate request for reexamination of the '221 patent on August 11, 2006. Both of these requests were granted on October 18, 2006. Exhibit D and E. The USPTO found that six references presented in Seven's request for reexamination and four additional references presented in RIM's request for reexamination raise substantial new questions of patentability, and is reexamining all claims of the '221 patent. No office actions have yet been issued in the reexaminations of the '221 patent.

RIM has filed requests for reexamination of the '192, '606 and '679 patents, as well. The request for reexamination of the '192 patent was granted on August 22, 2006, the USPTO finding that the collection of references describing the Lotus Notes system raise a substantial new question of patentability. Exhibit F. The request for reexamination of the '606 patent was granted on December 14, 2006, the USPTO finding that four references presented in RIM's request for reexamination raise substantial new questions of patentability. Exhibit G. All claims of the '192 and '606 patents are being reexamined by the USPTO, but no office action has yet been issued in these reexaminations. RIM's request for reexamination of the '679 patent was filed on December 29, 2006. The USPTO has not yet granted the reexamination request, but RIM expects a decision to be made in late February or early March 2007, based upon the timing

---

[2]   Visto directly amended 15 of the 34 claims, but the claims that Visto did not directly amend are dependent on the amended claims, and thus include the amended limitations as well.

4

of the grant of its other requests for reexamination.  Because the '679 patent is a continuation of the '221 patent, RIM anticipates that its request for reexamination of the '679 patent will be granted for many of the same reasons the requests for reexamination of the '221 patent were granted.

## II.   DISCUSSION

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); *see also Alza Corp. v. Wyeth*, No. Civ. A. 9:06-CV-156, 2006 WL 3500015, at *1 (E.D. Tex. Nov. 21, 2006).  "[T]he decision to grant or deny a motion to stay proceedings pending the outcome of a USPTO reexamination proceeding rests with the sound discretion of the court." *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994).  "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Id.* at 1381; *see also Softview Computer Products Corp. v. Haworth, Inc.*, 56 U.S.P.Q.2d 1633, 1635 (S.D.N.Y 2000) ("Courts have routinely stayed infringement actions pending the outcome of reexamination proceedings"); *Hewlett-Packard Co. v. Acuson Corp.*, No. C-93-0808 MHP, 1993 WL 149994, at *2 (N.D. Cal. May 5, 1993) ("there is clear congressional intent to maximize efficiency and reduce cost in this regard; thus, district courts often stay patent proceedings pending reexamination").

"In deciding whether to stay litigation pending reexamination, courts typically consider: '(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and a trial date has been set." *EchoStar Technologies Corp. v.*

*TiVo, Inc.*, No. 5:05 CV 81 DF, 2006 WL 2501494, at *1 (E.D. Tex. Jul. 14, 2006), quoting

*Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp.2d 660, 662 (E.D. Tex. 2005).

   A.   **A Stay Will Simplify The Issues In This Case And Conserve Judicial Resources.**

   Granting a stay in this case will conserve judicial resources and focus discovery and the issues for trial.  "One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."  *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).  "Ordinarily, courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated, or lucidly narrowed by the patent reexamination process and the expertise of its officers."  *Hewlett-Packard*, 1993 WL 149994, at *2.

   Because all of the claims of the Visto patents-in-suit are being reexamined by the USPTO, there is the possibility that no claims will survive the reexamination process.  In that case, any efforts by the parties or the Court pending the outcome of the reexaminations would be wasteful.  Even if the claims of the Visto patents-in-suit survive the reexamination process, they may be narrowed such that RIM does not infringe the amended claims.[3]

   For example, the USPTO has rejected all of the claims of the '708 patent, in response to which Visto has amended the claims and added six claims.  Therefore, as a result of the

---

[3]   In a letter dated February 2, 2007 from Visto's UK counsel to RIM's UK counsel, Visto informed RIM that RIM's software and hardware, as had been described by RIM, do not infringe Visto's UK patent, which includes a claim limitation similar to a limitation Visto added during the reexamination of the '192 patent. Exhibit H.  Such a limitation added during reexamination of the '192 patent was the basis for this Court's judgment as a matter of law that Seven did not infringe claim 11 of the reexamined '192 patent.  *See Visto v. Seven Networks*, C.A. No. 2:03-cv-00333-TJW, D.I. 447 at 2.

reexaminations, the claims ultimately at issue in the '708 patent (if any) will be different than the claims as originally issued.  How the final claims will differ, however, is still to be determined.

> The final form of the claims therefore will remain uncertain until the conclusion of the reexamination procedure.  It makes sense to ascertain the ultimate scope of the claims before trying to figure out whether defendants' products infringe the patent-in-suit.  Absent a stay, the parties may end up conducting a significantly wider scope of discovery than necessary, and the court may waste time examining the validity of claims which are modified or eliminated altogether during reexamination.

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775, 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995); *see also Guthy-Renker Fitness L.L.C. v. Icon Health and Fitness Inc.*, 48 U.S.P.Q.2d 1058, 1060 (C.D. Cal. 1998).  Similar uncertainty regarding the ultimate scope of the claims at issue exists with regard to the other Visto patents.  Indeed, the majority of reexaminations result in the cancellation or amendment of claims of the subject patents.  *Alza Corp.*, 2006 WL 3500015, at *2 ("Statistically, 71% of reexamination proceedings result in amended or cancelled claims"); *TAP Pharmaceutical Products, Inc. v. Atrix Labs., Inc.*, 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004) ("[g]enerally speaking, the PTO invalidates 10% of the patents it reexamines and amends the claims in 64%").  Cancellation or amendment of the claims of the Visto patents is particularly likely given the results of the reexaminations to date and the relationships between the Visto patents.  Staying this case pending the outcome of the reexaminations of the Visto patents will simplify the claim construction, validity, and infringement issues addressed by the parties during discovery and presented to the court by focusing all efforts on the claims ultimately to be at issue, if any.

The scope of the claim terms to be construed will not be known until the reexaminations of the Visto patents-in-suit are complete.  Absent a stay, this Court may waste judicial resources by construing terms that do not end up in the final reexamined patent, or by having to establish multiple claim construction briefing schedules and conduct multiple claim construction hearings

to address changes made to the Visto patents-in-suit as they complete reexamination.  A stay will simplify the claim construction issues by focusing the parties' claim construction discovery, and the Court's claim construction efforts, only on those terms that are ultimately at issue in the asserted claims of the Visto patents-in-suit should any of the patents survive reexamination.

Furthermore, arguments and amendments made during the prosecution history of the Visto patents, including those made during reexamination, must be considered in construing a claim in order to exclude interpretations disclaimed or disavowed during prosecution by the applicant in order to obtain claim allowance.  *ZMI Corp. v. Cardiac Resuscitator Corp.*, 844 F.2d 1576, 1580 (Fed. Cir. 1988); *see also Nikken USA, Inc. v. Robinsons-May, Inc.*, 51 F. App'x 874, 884 (Fed. Cir. 2002) (unpublished) ("statements made during the prosecution history, including reexamination proceedings, are relevant to determining claim scope"); *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1439 (Fed. Cir. 1988) (statements made during merged reissue/reexamination proceeding "are relevant prosecution history when interpreting claims").  Staying this case now would avoid having the parties conduct claim construction discovery and brief this Court concerning claim construction on an incomplete record.  *See Alza*, 2006 WL 3500015, at *2 ("Because statements made during the reexamination proceedings become part of the prosecution history, a stay will allow the intrinsic evidence to be fully developed before this court begins the claim construction process.").  For this reason, district courts frequently stay patent litigation during reexamination proceedings in order to have the full prosecution history available during claim construction.  *See, e.g., Graham-White Mfg. Co. v. Ell-Con Nat., Inc.*, No. 6:05-0396-HFF-WMC, 2006 WL 2716439, at *2 (D.S.C. Sept. 22, 2006).

The statements made during the reexamination proceedings are also relevant to issues of infringement to the extent that Visto relies upon the doctrine of equivalents for its infringement

contentions.  Arguments or amendments by Visto during reexamination may relinquish coverage of certain subject matter by the patents-in-suit.  In that event, the doctrine of prosecution history estoppel would preclude Visto from relying on the doctrine of equivalents to establish infringement.  *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1332 (Fed. Cir. 2001); *see also Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1251 (Fed. Cir. 2000).  In short, a stay will simplify the issues by allowing the prosecution history of the patent-in-suit to be fully developed before the parties expend time and resources preparing their infringement and non-infringement positions.

Staying this litigation will also simplify the infringement issues by focusing the parties' discovery efforts on the allegedly infringing products that will ultimately be at issue.  If claims are substantively amended during reexamination, they cannot be enforced against allegedly infringing activity that occurred before reexamination.  *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1249 (Fed. Cir. 1997) (explaining that the making of substantive changes in claims during reexamination is treated as "an irrebuttable presumption that the original claims were materially flawed," relieving alleged infringers of the original claims from liability "for the period before the claims are validated").  The scope of needed discovery will be significantly limited if the claims of the Visto patents-in-suit are substantively amended during reexamination. The amendments Visto has made to the '708 patent in the reexamination proceedings before the USPTO are similar to those made in the original reexamination of the '192 patent — changes that were found in the Seven Networks case to be substantial and a bar to liability for infringement of the originally issued claims of the '192 patent.  *See Visto v. Seven Networks*, C.A. No. 2:03-cv-00333-TJW, D.I. 322 at 7.  Staying this case to await the PTO's decision on

whether the Visto patents will be substantively changed would avoid this waste on the part of both the parties and the Court.

The concern about wastefully litigating patent claims that may be changed in reexamination is particularly acute given the early service of infringement and invalidity contentions under the patent rules in the Eastern District of Texas.  Under this Court's Proposed Deadlines for Docket Control Order, issued January 29, 2007, the parties are to serve Infringement Contentions on March 16, 2007 and Invalidity Contentions on April 23, 2007.  Currently, all claims of the '708 patent have been rejected by the USPTO and amended by Visto, and thus any Infringement or Invalidity Contentions regarding the '708 patent filed on those dates would almost certainly need to be amended after the USPTO issues a Reexamination Certificate for the '708 patent.  Further, if the asserted claims of the other Visto patents are cancelled or amended during reexamination, as is likely, additional time would be needed to complete the infringement and invalidity analysis under the newly-rewritten claims, and the parties would seek to submit Revised Infringement and Invalidity contentions.  Staying this case now would avoid this waste by the parties and the Court, incurred when the parties return to the Court to request changes to the schedule and leave to amend their contentions.

Thus, staying this case now will greatly simplify the issues on which the parties are required to conduct discovery, the issues that the parties are required to brief, and the issues that this Court will need to decide.

### B.    A Stay Will Not Prejudice Or Disadvantage Visto.

A stay of this case pending the reexaminations of the Visto patents-in-suit will not unduly prejudice or disadvantage Visto.  Rather, staying this case will provide clear advantages to Visto

— it will benefit from not having to engage in wasteful litigation, such as that described above, over claims that are likely to change or even cease to exist.

To the extent Visto overlooks the advantages of not engaging in wasteful litigation over uncertain claims and argues there would be undue prejudice as a result of the stay, Visto has forfeited its ability to make that argument by filing this suit against RIM while fully aware of the pending reexaminations of the '708 patent.  In *TAP Pharmaceutical*, 70 U.S.P.Q.2d at 1320, the court stayed a patent suit where another party had sought reexamination of the plaintiff's patents before the plaintiff filed suit against the defendant.  That court held that the plaintiff's awareness of that reexamination eliminated any potential prejudice to its interests from a stay.  Similarly, in the present case, the USPTO ordered reexamination and rejected all claims of the '708 patent, and Visto amended all claims before filing suit against RIM.  Visto knew that the rejection of all the claims of the '708 patent in the reexamination process could create grounds for a stay.[4]  RIM promptly filed reexamination requests for all of the Visto patents for which reexamination had not already been requested, and the USPTO has ordered reexamination of all of the Visto patents-in-suit.[5]  Under these circumstances, Visto will not be prejudiced or disadvantaged by a stay.  *See Alza Corp.*, 2006 WL 3500015, at *2 (finding no prejudice where reexamination request was filed soon after commencement of lawsuit and stay was requested while case was "still in its infancy"); *TAP Pharmaceutical*, 70 U.S.P.Q.2d at 1320 (finding no prejudice to

---

[4]   In *Visto v. Seven*, trial was postponed pending issuance of the Reexamination Certificate for the '192 patent, where the claims had been rejected by the USPTO and amended by Visto.  *See Visto v. Seven Networks*, C.A. No. 2:03-cv-00333-TJW, D.I. 267.  Similarly, in the pending reexamination of the '708 patent, the USPTO has rejected all the claims and Visto has amended the claims and added six new claims.  The USPTO has issued neither an Office Action nor a Reexamination Certificate responding to these amendments.

[5]   RIM has moved to amend its Answer and Counterclaim and Visto has not opposed this motion to the extent it seeks to add the '679 patent, but the Court has not ruled on the motion at this time.  RIM has requested reexamination of the '679 patent, but the USPTO has not yet granted the request.

patentee by staying case pending outcome of reexamination filed by third-party, who was previously involved in litigation with the patentee, prior to filing of the suit); *Target Therapeutics*, 1995 WL 20470, at *2 (finding no prejudice when stay issued at start of case when "[n]o significant discovery or trial preparation has taken place").

Additionally, any delay to the case as a result of a stay pending reexamination does not constitute undue prejudice or disadvantage — all stays cause delay.  If it ultimately prevails, Visto will be adequately compensated for any harm caused by the delay by money damages.  *See Softview Computer*, 56 U.S.P.Q.2d at 1636 (rejecting argument that patentee was prejudiced because alleged infringer may gain market share during pendency of suit); *Guthy-Renker Fitness*, 48 U.S.P.Q.2d at 1061 (rejecting argument that a stay would cause irreparable harm because patentee "has failed to explain why money damages will not be adequate if it prevails at trial").  Visto has not indicated that money damages would be inadequate.  Nor has Visto shown itself to be in any hurry to obtain relief for RIM's alleged infringement.  Visto waited over five years from the issuance of the first patent-in-suit and over two and a half years after bringing its first patent infringement suit to sue RIM.  RIM is the last of Visto's patent infringement suits in the wireless email communication space, brought only after Visto completed its trial against Seven Networks.  If RIM's continued operation in the market place unduly prejudiced or disadvantaged Visto, RIM would not have been seventh in line for suit.  A stay of the case against RIM will not prejudice or disadvantage Visto.

### C.      A Stay Is Appropriate At This Early Stage Of The Litigation.

A stay at this stage of the case, before the parties have expended significant resources litigating claims that may or may not exist by the time dispositive motions and trial come to pass, is most appropriate.  This lawsuit is in its earliest stage — the Rule 16 conference has been

ordered but not held, the parties have exchanged no discovery, and no motions on the merits of the case have been filed. "It would be a serious waste of both the parties' and the Court's resources if the *Markman* and summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of the reexamination proceeding." *Softview Computer*, 56 U.S.P.Q.2d at 1636 (granting stay after summary judgment motions had been served, where discovery and claim construction was not yet complete and the pre-trial order had not been prepared); *see also Guthy-Renker Fitness*, 48 U.S.P.Q.2d at 1060 (finding "the relevant factors weigh heavily in favor of staying the proceedings pending the conclusion of the reexamination" when the parties had not yet engaged in expensive discovery and a trial date had not been set); *Target Therapeutics*, 1995 WL 20470, at *2 (same).

Furthermore, staying the case pending the outcome of the reexamination proceedings now, before a schedule has even been set, avoids needless revisions to the schedule and a waste of judicial resources. For example, in *Visto v. Seven Networks*, the parties rescheduled trial while awaiting the outcome of the first reexamination of the '192 patent. *See* C.A. No. 2:03-CV-333-TJW, D.I. 267. In this case, the Visto patents-in-suit are in reexamination, each progressing on a slightly different schedule. In addition, RIM has filed a reexamination request for the '679 patent that is the subject of RIM's motion to amend. RIM expects that reexamination of the '679 patent will be ordered within the next two months. It is more efficient to stay the case pending the outcome of the reexaminations now, rather than set a schedule for this case knowing that it will likely be changed as the reexaminations proceed towards a final resolution.

## III.   CONCLUSION

Each relevant factor weighs in favor of granting a stay of this action pending the reexamination of the Visto patents-in-suit. For the above-stated reasons, RIM respectfully requests that the Court stay this case pending the outcome of the reexaminations.

13

Dated:  February 2, 2007

_/s/ Eric H. Findlay_____
Eric H. Findlay (Lead Attorney)
State Bar No. 07889886
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, TX 75702
ericf@rameyflock.com
Tel: 903-597-3301
Fax: 903-597-2413

Harry Lee Gillam, Jr. (Lead Attorney)
State Bar No. 07921800
GILLAM & SMITH, LLP
110 S. Bolivar, Suite 204
Marshall, TX 75670
gil@gillamsmithlaw.com
Tel: 903-934-8450
Fax: 903-934-9257

*Attorneys for Research In Motion Limited and
Research In Motion Corporation*

Of Counsel:

Linda S. DeBruin
William E. Devitt
Michael A. Parks
KIRKLAND & ELLIS LLP
200 East Randolph Street
Chicago, IL 60601
Tel: 312-861-2000
Fax: 312-861-2200

Barbara Parvis
RESEARCH IN MOTION CORP.
102 Decker Court, Suite 180
Irving, TX 75062
Tel: 972-650-0309
Fax: 972-870-4374

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2007, true and correct copies of the foregoing were served upon all parties via electronic mail and hand delivery.

/s/ Eric H. Findlay
Eric H. Findlay

## CERTIFICATE OF CONFERENCE

The undersigned, counsel for RIM, certifies that he conferred with counsel for Visto, regarding RIM's Motion to Stay Case Pending Patent Reexaminations who indicated that Visto opposes the relief requested.

/s/ Eric H. Findlay
Eric H. Findlay