**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| VISTO CORPORATION, | ) | Case No. 2:06-CV-181-TJW |
| | ) | |
| Plaintiff and Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| RESEARCH IN MOTION LIMITED, AND | ) | |
| RESEARCH IN MOTION CORPORATION, | ) | |
| | ) | |
| Defendants and Counterclaim-Plaintiffs. | ) | |

**RESEARCH IN MOTION LIMITED AND RESEARCH IN MOTION**
**CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL**
**SUMMARY JUDGMENT TO LIMIT PRE-SUIT DAMAGES**

RIM's Motion for Summary Judgment to Limit Pre-Suit Damages should be granted by this Court, not simply denied as moot as Visto requests.

### RESPONSE TO VISTO'S "UNDISPUTED" FACTS

1.   Disputed that Visto has complied with 35 U.S.C. § 287 for constructive notice and that Visto began marking its products and website at least as early as September 2003.

### ARGUMENT

Visto has not been forthcoming with respect to the date when it contends that damages relating to RIM's alleged infringement began.  Contrary to Visto's assertion that it is not seeking damages prior to September 2003, Visto's damages expert, Mr. Weinstein, expressly calculated damages beginning on April 2001. Declaration of Aaron Charfoos In Support of RIM's Motion for Partial Summary Judgment to Limit Damages (Docket Number 233) Ex. A at ¶ 14.[1]  Now, <u>only two weeks later</u>, Visto argues in opposition to this motion that Visto never sought damages prior to September 2003.  Visto's argument is directly at odds with the facts and Mr. Weinstein's expert report.

Visto's changing damages contention is disappointing as it required RIM to expend resources and money to file the present motion and requires the Court's time to decide a motion that appears to now be undisputed.[2]  And Visto cannot simply "moot" the issue by changing its contention after RIM filed its motion -- the Court should grant RIM's motion.

---

[1] Mr. Weinstein also calculated alternative damages beginning on April 2004.  *Id.* at ¶ 15. Notably, Mr. Weinstein does not provide any calculation for damages beginning on September 2003.

[2] Visto attempts to add an "undisputed fact" to its opposition, claiming that it began marking its products in September 2003 -- without citation to any evidence whatsoever.  While not relevant to the present motion, RIM strenuously disagrees with this contention.  Visto has not complied with the marking requirements of 35 U.S.C. § 287 and cannot seek damages prior to the date it filed this lawsuit.  However, RIM's instant motion is limited to Visto's activities prior to September 2003, and thus, this issue is irrelevant for purposes of deciding this motion.

## CONCLUSION AND RELIEF REQUESTED

Therefore, for the reasons stated above, RIM respectfully requests that this Court grant its Motion for Partial Summary Judgment to Limit Pre-Suit Damages.

Dated:  June 20, 2008

   /s/ Eric H. Findlay

Eric H. Findlay (Lead Attorney)
State Bar No. 07889886
Ramey & Flock, P.C.
100 E. Ferguson, Suite 500
Tyler, TX 75702
ericf@rameyflock.com
Tel.: 903-597-3301
Fax: 903-597-2413

Harry Lee Gillam, Jr. (Lead Attorney)
State Bar No. 07921800
Gillam & Smith, LLP
110 S. Bolivar, Suite 204
Marshall, TX 75670
gil@gillamsmithlaw.com
Tel: 903-934-8450
Fax: 903-934-9257
*Attorneys for Research In Motion Limited and Research In Motion Corporation*

OF COUNSEL:

Linda S. DeBruin
William E. Devitt
Michael A. Parks
Kirkland & Ellis LLP
200 E. Randolph Street
Chicago, IL 60601
Tel: 312-861-2000
Fax: 312-861-2200

Brian Rivers
Barbara Parvis
Research In Motion Corporation
102 Decker Court, Suite 180
Irving, TX 75062
Tel: 972-650-4266
Fax: 972-650-2006

Joe W. Redden, Jr.
BECK REDDEN & SECREST LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Tel:  713-951-3700
Fax:  713-951-3720

## <u>Certificate of Service</u>

I hereby certify that on June 20, 2008, true and correct copies of the foregoing were

served upon all parties via ECF and electronic mail.

<u>/s/ Eric H. Findlay</u>
Eric H. Findlay