**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| VISTO CORP., | § |
| | § |
| vs. | §   CIVIL ACTION NO. 2:06-CV-181 |
| | § |
| RESEARCH IN MOTION LTD, ET AL. | § |
| | § |

**ORDER**

**1.     Introduction**

Pending before the court is RIM's motion to stay the case pending final disposition of the reexamination proceedings involving Visto's patents-in-suit (#185). The court has considered the parties' briefing and argument, which was entertained at the pre-trial conference, and conditionally grants RIM's motion to stay.

**2.     Background**

RIM filed the instant motion on April 4, 2008, and the parties have since filed numerous supplemental briefs highlighting the ongoing status of the claims that are currently pending in reexamination. At the pre-trial conference on June 26, 2008, Visto indicated it would assert sixteen patent claims against RIM. These claims include claims 1, 10, 11, and 14 of the '679 patent, claims 20 and 21 of the '606 patent, claims 5, 13, 21, 24, and 29 of the '708 patent, claims 10, 13, 17, and 22 of the '192 patent, and claim 11 of the '221 patent. Six of these claims have been amended by Visto during reexamination, and therefore cannot yet be tried.[1] The remaining ten claims are currently pending in an active reexamination proceeding, but have not yet been amended by Visto.

---

[1] These claims include the following: claims 20 and 21 of the '606 patent, claims 5, 21, and 24 of the '708 patent, and claim 13 of the '192 patent.

These claims therefore could theoretically be tried, but are also at varying stages of reexamination. For example, claims 1, 10, 11, and 14 of the '679 patent are currently subject to a notice of allowance, but claims 10, 17, and 22 of the '192 patent, claims 13 and 29 of the '708 patent, and claim 11 of the '221 patent are each subject to a non-final rejection.

**3.    Discussion**

RIM argues that a stay is warranted given the status of the claims in reexamination. Primarily, RIM argues that a stay under these circumstances would likely streamline the issues for trial because several of the claims asserted by Visto in this and other litigations have been amended in reexamination. Visto responds that a stay will prejudice its ability to enforce its intellectual property while allowing accused infringers to delay trial settings unreasonably by filing reexamination proceedings. Visto acknowledges that it has been required to amend certain claims in reexamination but suggests that future amendments are unlikely.

The court is mindful of Visto's concerns regarding the effect of reexamination proceedings on pending litigation–particularly trial settings. This argument is not without force, and the case law is replete with examples of motions to stay being rejected in part because of this valid concern. Nevertheless, the fact remains that the claims asserted by Visto in this and other litigations have been narrowed in various reexamination proceedings. Indeed, Visto seeks to sever six amended claims to preserve its ability to try those claims in future proceedings. Likewise, in the *Seven* litigation, certain claims asserted at trial had been narrowed in reexamination, and the court had supplemented its claim construction rulings in light of the amendments. A stay of this particular case pending the final disposition of the reexamination proceedings is more likely to streamline the issues for trial than it would in the usual case.

Visto recognized this in the *Visto v. Seven* litigation and, more recently, in the *Visto v. Good* litigation.  *See Visto v. Seven*, No. 2:03-CV-333 (E.D. Tex. Sept. 1, 2005) (order granting stay); *Visto v. Good*, No. 2:06-CV-039 (E.D. Tex. Mar. 27, 2008) (order granting stay).  In those cases, Visto petitioned (or at least agreed) to delay the trials until the reexamination proceedings yielded answers to outstanding questions of patentability.  Visto has not offered a persuasive reason why the court should treat this case differently.  The court has crafted a stipulation that provides adequate safeguards to temper the prejudice resulting from a short stay of this case: RIM must agree not to challenge the validity at trial of the patents-in-suit based on prior art patents or printed publications that were considered in the reexamination proceedings, and RIM shall not directly or indirectly institute any further reexamination proceedings.  The court grants RIM's motion to stay, conditioned on the execution of this stipulation.

**4.    Conclusion**

The court conditionally grants RIM's motion to stay (#185).  As a condition of the stay, each RIM defendant shall enter a stipulation that it will not argue invalidity at trial based on one or more prior art patents or printed publications that were considered in the reexamination proceedings.  In the stipulation, each RIM defendant must also agree not to directly or indirectly institute any future reexamination proceeding.  The stay shall ensue with the filing by the defendants of a signed copy of the stipulation described herein.

SIGNED this 2nd day of July, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE